# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SE PROPERTY HOLDINGS, LLC,** )  )  | |
| **Plaintiff,** )  )  | |
| vs. )  )  | CIVIL ACTION NO. 21-00214-KD-MU |
| **THE MITCHELL COMPANY, INC.;** )  **SURVIVOR, LLC; HOLIDAY ISLE, LLC;** ) **and JDC ACQUISITION CORPORATION;** )  )  | |
| **Defendants.** )  | |

## ORDER

This action is before the Court on Plaintiff SE Property Holdings, LLC's motion for leave to file third amended complaint (doc. 41). Responses were due on March 10, 2022 (doc. 44). To date, Defendants have not filed a response to the motion.

I. Background

SEPH filed its complaint in May 2021. Defendant Survivor LLC filed its answer on June 15, 2021 (doc. 7).[1] Within 21 days thereafter, on July 2, 2021, SEPH filed its first amended complaint (doc. 9). See Fed. R. Civ. P. 15(a)(1)(B) (a "party may amend its pleading once as a matter of course within . . . within 21 days after service of a responsive pleading"). On July 30, 2021, SEPH moved to amend (doc. 10). The motion was granted and SEPH filed its second amended complaint (doc. 38).

Review of the docket indicates a variance between the proposed second amended

---

[1] To date, Defendants Holiday Isle LLC, The Mitchell Company, Inc. and JDC Acquisition Corporation have not filed an answer or otherwise responded to the complaint. Holiday Isle LLC did file an opposition to the motion for leave to file second amended complaint.

complaint as submitted and the filed second amended complaint. The proposed second amended complaint added The Mitchell Company LLC as a defendant and raised additional claims (doc. 10-1). The filed second amended complaint did not add The Mitchell Company LLC and appears to raise claims that vary from those in the proposed second amended complaint (doc. 38). As a result, The Mitchell Company LLC was not added as a defendant and certain claims may not be before the Court.

II. Analysis

SEPH now moves for leave to file a third amended complaint (doc. 41). SEPH provides the Court with a proposed third amended complaint which adds four parties, none of which are The Mitchell Company LLC (docs. 41-1, 41-2). Thus, it appears that SEPH does not intend to sue The Mitchell Company LLC. The proposed third amended complaint adds new factual allegations and claims related to the new parties, as well as amending certain claims related to the original Defendants. To date, none of the original Defendants have filed an opposition.

At this stage in the litigation, and absent the Defendants' written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). "While leave to amend should be 'freely' given 'when justice so requires,' the Supreme Court has stated that leave need not be granted if the amendment was the product of undue delay, would result in undue prejudice, or the amendment was futile." Bennett v. Langford, 796 Fed. Appx. 564, 566–567 (11th Cir. 2019) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962) and Fed. R. Civ. P. 15(a)(1)). The district court may also consider whether there is evidence of bad faith or

dilatory motive on the part of the movant and whether there have been "repeated failure to cure deficiencies by amendments previously allowed." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Services, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

SEPH argues that the third amended complaint would amend allegations and claims related to the transfer of certain assets to former Mitchell Inc. employee Joseph Campus and to add the four alleged transferees as new parties. The motion was timely filed on the deadline for filing motions for leave to amend the pleadings or to join parties (doc. 15). Discovery does not close until June 20, 2022 (Id.).[2] Thus, the parties have sufficient time to conduct discovery such that the parties should not be unduly prejudiced by the amendment. Although SEPH amended its complaint three times, the docket does not indicate it engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies. Allowing the amendment does not appear to be futile and the served Defendants made no objection based on futility.

Since the Court has not ascertained any substantial reason to deny SEPH's Motion, the interests of justice indicate that it should be granted. See Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment").

Accordingly, for the reasons set forth herein, the Motion is **GRANTED**. SEPH shall file its **third amended complaint** on or before **March 24, 2022**. Pursuant to S.D. Ala. Civ. L.R. 15(c) "any party that has appeared in the action and was served with the proposed amended

---

[2] Discovery as to defendant Survivor, LLC is stayed until March 31, 2022 (doc. 42).

pleading must serve an answer or other responsive pleading within fourteen (14) days after the Court grants the motion to amend." Therefore, the served Defendants' **answer or other responsive pleading** is due **March 31, 2022**. As to the newly added Defendants, the time for them "to serve an answer or other responsive pleading begins to run when [they are] properly served with the amended pleading." Id. See Fed. R. Civ. P. 12(a)(1)(A)(i) (unless another time is specified by Rule 12 or a federal statute, a "defendant must serve an answer … within 21 days after being served with the summons and complaint").

Additionally, the personal representatives of two estates are proposed defendants. The proposed third amended complaint identifies the citizenship of the personal representatives. However, for purpose of diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" 28 U.S.C.A. § 1332(c)(2). A search of Al.com shows that both decedents were citizens of Mobile, Alabama at the time of their deaths. https://obits.al.com/us/obituaries/mobile/. Thus, **SEPH is ORDERED to correct this allegation of citizenship in the third amended complaint before it is docketed.**

**DONE** and **ORDERED** this 17th day of March 2022.

    s / Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**